UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHELLE MILLER<br><br>and<br><br>DONALD LEE MILLER, II,<br><br>    PLAINTIFFS<br><br>v.<br><br>REMINGER CO., L.P.A.<br><br>and<br><br>SHEA CONLEY,<br><br>    DEFENDANTS. | CIVIL ACTION NO.  3:11cv-315-S |

**NOTICE OF REMOVAL**

The defendants, Reminger Co., L.P.A. and Shea Conley (collectively "the defendants"), by counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*

**THE PARTIES**

1.  The plaintiffs filed this civil action in the Jefferson Circuit Court, which is within the district and division of this Court. The plaintiffs filed this action on April 29, 2011, Case No. 11-CI-03080.

2.  The plaintiffs are residents of Jefferson County in the Commonwealth of Kentucky.

3. The defendant Reminger Co., L.P.A. is incorporated under the laws of Ohio with its principal place of business in Ohio.

4. The defendant Shea Conley is a resident of Fayette County in the Commonwealth of Kentucky.

5. Reminger has yet to receive service in this action. Mr. Conley was served on May 16, 2011, within thirty (30) days of the filing of this Notice of Removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

## THE CAUSES OF ACTION

6. The plaintiffs allege ten causes of action arising out of the resignation or termination of Mr. Miller's employment with Reminger: wrongful discharge, breach of fiduciary duty, breach of contract, breach of implied contract, quantum meruit, promissory estoppel, fraud, intentional infliction of emotional distress, age discrimination, and assault and battery. However, virtually all of these claims are made against the actual employer, Reminger, and not Mr. Conley, a Reminger employee. In fact, seven of the causes of action are made solely against Reminger. (*See* Counts I, III-VI, IX-X.)

7. The plaintiffs have attempted to assert only claims for breach of fiduciary duty, fraud, and intentional infliction of emotional distress against Mr. Conley.

## FRAUDULENT JOINDER

8. The plaintiffs do not allege valid causes of action against Mr. Conley individually or as a Reminger employee with respect to the three claims asserted against him. (*See* Counts II, VII, VIII.) Instead, Mr. Conley was fraudulently joined to destroy diversity. Mr. Conley's presence in this case should therefore be ignored for jurisdictional purposes.

9.      The doctrine of fraudulent joinder is applicable in three situations: "(1) when there is no colorable basis for a claim against the non-diverse defendant, (2) when a plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendant)." *Salisbury v. Purdue Pharma, LP*, 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001) (citing *Jerome Duncan, Inc. v. Auto-By-Tel*, 176 F.3d 904 (6th Cir. 1999)).  A court must examine the plaintiff's claim against the non-diverse defendant under the substantive state law to assess whether a colorable cause of action exists. *Id.* at 549. The operative question is "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander v. Electronic Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

10.     The plaintiffs specifically assert claims for breach of fiduciary duty, fraud, and intentional infliction of emotional distress against Mr. Conley.  The plaintiffs have no colorable basis for such claims for two reasons.  First, given Mr. Conley was acting as a representative or agent of Reminger, the plaintiffs were required to allege facts establishing malicious intentional or negligent actions taken by Mr. Conley in his individual capacity.  They failed to do so.  Second, and more generally, the plaintiffs failed to allege facts sufficient to support any of the three claims against Mr. Conley.

### THE PLAINTIFF FAILS TO PLEAD MALICIOUS INTENTIONAL OR NEGLIGENT ACTIONS BY MR. CONLEY.

11.     The complaint <u>never</u> alleges that Mr. Conley was acting outside the scope of his employment in any of his actions.  As such, Mr. Conley's alleged actions were

conducted solely in his capacity as a representative, agent, or employee of Reminger, and <u>not</u> in his individual capacity.

12.   It is well settled that to be held personally liable for actions taken in a corporate capacity, a corporate agent must have either intentionally engaged in malicious misconduct or negligently breached a duty that was separate and independent from those duties imposed by his corporate responsibilities.  *Young v. Vista Homes, Inc.,* 243 S.W.3d 352, 363 (Ky. Ct. App. 2007).

13.   The plaintiffs make few specific allegations against Mr. Conley individually.  The allegations that are made do not establish the required intentional malicious misconduct or a breach of any duties independent from his responsibilities as an agent/employee of Reminger.  As such, Mr. Conley must be ignored for jurisdictional purposes.

14.   The plaintiffs specifically make the following allegations:

(a)   That Mr. Conley spoke with Mr. Miller before he began working for Reminger in February and March of 2009.  (Compl. ¶ 10.)  Importantly, the plaintiffs *do not* allege that Mr. Conley made any contractual promises or misrepresentations at that time.[1]  They do not allege Mr. Conley engaged in any outrageous improper conduct during those initial meetings, nor do they allege these initial conversations – or any later actions for that matter – created a fiduciary relationship between Mr. Conley and Mr. Miller.

(b)   The plaintiffs claim that Mr. Miller spoke to Mr. Conley about the alleged billing discrepancies at Reminger, but do not allege that Mr. Conley made any representations or other statements regarding the billing issues.  (*Id.* at ¶ 15.)  While the

---

[1] Mr. Miller alleges that after he spoke with Mr. Conley he spoke with "several of Reminger's Ohio partners" who allegedly told him that he would receive certain performance-based bonuses.  (Compl. ¶ 10.)

-4-

plaintiffs later allege that Mr. Conley made a comment to Mrs. Miller about the paralegal billing issue when they were in the Bahamas at the firm retreat, (*id.* at ¶ 20),  they do not allege that this statement was outrageous, improper, or false.  There is no allegation that Mr. Conley engaged in any sort of intentional misconduct *against* Mr. or Mrs. Miller with respect to the billing issues.  Instead, these allegations appear to either be directed at clients not party to the suit or at Reminger itself.

(c) The plaintiffs allege Mr. Conley sent Mr. Miller two electronic messages.  First, they allege that Mr. Conley sent Mr. Miller a congratulatory email regarding Mr. Miller's business generation.  (*Id.* at ¶ 13.)  This email certainly does not constitute intentional tortious conduct, nor does it create any sort of independent duty to Mr. Miller.  The plaintiffs then allege that, on November 18, 2010, Mr. Conley sent Mr. Miller a text message expressing concern for Mr. Miller and suggesting that he admit himself for treatment.  (*Id.* at ¶ 16.)  While the plaintiffs allege that this text message was part of some attempt to "remove Mr. Miller from competition and inform clients of Mr. Miller's fabricated inabilities," they do not allege that Mr. Conley ever communicated his concern for Mr. Miller to any clients or to anyone outside of Reminger.  This text message therefore does not constitute the sort of intentional malicious tortious misconduct to impose individual liability on Mr. Conley.

(d) The plaintiffs allege that Mr. Conley told Mr. Miller that he had to attend the firm's mandatory retreat in the Bahamas.  (*Id.* at ¶ 17.)  The plaintiffs do not allege that this statement was in any way false or improper.

(e) Finally, the plaintiffs allege that Mr. Conley "falsely told the [Reminger] staff that Mr. Miller had resigned."  (*Id.* at ¶ 24.)  There is no allegation that Mr. Miller

detrimentally relied on this statement. *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (affirming dismissal of claim because plaintiff did not reasonably rely on alleged misrepresentations). In fact, to this day, Mr. Miller still claims he was terminated. (Compl. at ¶ 2.)

15. None of these specific allegations against Mr. Conley support or constitute intentional misconduct sufficient to impose liability. It is further clear each action or statement was made in Mr. Conley's capacity as a Reminger representative. *See Young,* 243 S.W.3d at 363.

### THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT ITS CLAIMS AGAINST MR. CONLEY

16. Additionally and more fundamentally, the plaintiff's complaint fails to allege any facts sufficient to support a claim of relief against Mr. Conley for any of the three causes of action asserted against him:

17. Count II of the plaintiffs' complaint alleges that the defendants "breached their fiduciary duties to Mr. Miller…when they terminated Mr. Miller for false cause and for illegal reasons." (*Id.* at ¶ 31.) This allegation fails to state a claim for relief against Mr. Conley for numerous reasons.

    (a) First, there is no allegation that there was a fiduciary relationship between Mr. Miller and Mr. Conley. *Abney v. Amgen, Inc.*, 2005 U.S. Dist. LEXIS 14258, *28 (E.D. Ky. July 8, 2005) (plaintiff must establish that a fiduciary relationship exists to assert a breach of fiduciary duty claim). Even if such a conclusory allegation had been made, the plaintiffs failed to plead any facts that would support the formation of such a duty. Under Kentucky law, a fiduciary relationship requires a relationship "founded on trust or confidence reposed by one person in the integrity and fidelity of another and

which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *ATC Distrib. Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 715 (6th Cir. 2005) (quoting *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991). The plaintiffs' complaint alleges no such special relationship with Mr. Conley wherein Mr. Conley agreed to act primarily on behalf of Mr. Miller as opposed to his employer, Reminger. Instead, it makes only the bald assertion that "Defendants breached their common law fiduciary duties to Mr. Miller." (Compl. ¶ 31.) Such an assertion is inadequate to plead a fiduciary relationship in Kentucky. *See also* 2A C.J.S. *Agency* § 246 (stating that a fiduciary relationship does not exist "where no relation of trust or confidence exists between the parties").

(b) Second, the entire stated basis for the plaintiffs' breach of fiduciary duty claim is the alleged wrongful termination. The claim therefore fails against Mr. Conley because there is no allegation that he was the individual who terminated Mr. Miller.

(c) Third, Kentucky law does simply not recognize that an employee of a company owes other company employees any fiduciary duty. In fact, while an employee may – under certain circumstances – owe a fiduciary duty **to his employer**, that employer – much less its other employees – does not owe a fiduciary duty back to its employee. *Higgins v. SPX Corp*., 2006 U.S. Dist. LEXIS 90280, at *11 (W.D. Mich. Dec. 14, 2006) (dismissing plaintiff's fiduciary duty claim because "an employer does not owe an employee any common law fiduciary duties"); *Toner v. Allstate Ins. Co.*, 829 F. Supp. 695, 704 n.10 (D. Del. 1993). Kentucky law simply does

not support the claim that Mr. Conley, as an employee, somehow owed Mr. Miller any fiduciary duty.

18. Count VII of the plaintiffs' complaint alleges that "the defendants" committed fraud because they "knowingly induced Mr. Miller to work for Reminger" and that "Mr. Miller "reasonably relied on the initial and continuing promises and representations made to him…" (*Id.* at ¶ 43.) Mr. Miller claims that he was induced to work for Reminger by promises and representations regarding performance-based bonuses that would be paid to him in the future. It is well settled that a claim of fraud "cannot be predicated upon statements which are promissory in their nature" and which "relate to future actions or conduct." *Mario's Pizzeria, Inc. v. Federal Sign & Signal Corp.*, 379 S.W.2d 736, 740 (Ky. 1964). Because the plaintiffs' fraud claim is based on promises of future conduct, the plaintiffs have failed to allege a colorable claim of fraud under Kentucky law. *Id.* (Affirming dismissal of fraud claim because fraud could not be predicated on a statement that was promissory in nature when made and that related to future actions or conduct). However, even if the plaintiffs' fraud claim was predicated on statements of present or past fact, there is no allegation that Mr. Conley made any of these alleged promises or representations upon which Mr. Miller relied. Further, even if Mr. Conley had made these statements, they would have been made in his capacity as an agent of Reminger, and thus he could not be held personally liable for them.

19. In Count VIII, the plaintiffs allege that the "breaching of fiduciary duties, wrongful discharge, acts of fraud, and the battery of Mrs. Miller" constitute intentional infliction of emotional distress. (*Id.* at ¶ 47.) The plaintiffs have not asserted their wrongful discharge or battery claims against Mr. Conley. Such claims therefore cannot form a

basis for the intentional infliction of emotional distress claim against Mr. Conley. Further, as shown herein, the plaintiffs have failed to assert colorable claims for breach of fiduciary duty or fraud against Mr. Conley. The plaintiffs' claim for intentional infliction of emotional distress arising out of those claims must therefore fail as well. Further, the plaintiffs' allegations that Mr. Conley: 1) spoke with Mr. Miller before he was hired by Reminger; 2) sent Mr. Miller a text message; 3) made a comment to Mrs. Miller about the billing issues; or 4) told the Reminger staff that Mr. Miller had been terminated do not rise to the level of "extreme and outrageous" conduct sufficient to support a colorable claim for intentional infliction of emotional distress. *Stringer v. Wal-mart Stores, Inc.*, 151 S.W.3d 781, 791 (Ky. 2004) (to maintain a claim for intentional infliction of emotional distress, a plaintiff must allege conduct that is a "deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community").

20.    Because the plaintiffs can allege no facts establishing that Mr. Conley engaged in any intentional tortious conduct against them or that Mr. Conley owed any duties to the plaintiffs independent from his capacity as a Reminger representative, the plaintiffs cannot assert colorable claims for relief against Mr. Conley in his individual capacity. Mr. Conley was therefore fraudulently joined in this action for the sole purpose of defeating diversity. Accordingly, Mr. Conley's citizenship should be ignored, and this case should be removed to federal court. *See Hardy v. Ajax Magnathermic Corp.*, 122 F. Supp. 2d 757, 759-60 (W.D. Ky. 2000).

**THE REMAINING JURISDICTIONAL REQUIREMENTS HAVE BEEN MET.**

21.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. As a result of the alleged actions, the plaintiffs claim that they have suffered

loss of income, humiliation, embarrassment, personal indignity, apprehension about their past, current, and future economic well-being, emotional distress, and mental anguish. The plaintiffs also seek to recover punitive damages arising from these actions.

22. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states in which the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

23. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendants in this action are filed together with this Notice of Removal.

24. The defendants expressly reserve their right to raise all defenses and objections in this action after the action is removed to this Court.

25. WHEREFORE, the defendants respectfully request that Mr. Conley be dismissed from this action and that this action be removed from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

        s/*Amber D. Nicely*
Matthew W. Breetz
Andrew G. Beshear
Amber D. Nicely
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone:   (502) 587-3400
Fax:   (502) 587-6391
COUNSEL FOR DEFENDANTS, REMINGER CO., L.P.A. AND SHEA CONLEY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via United States First Class Mail, postage pre-paid, on this 23rd day of May, 2011 upon:

| | |
|---|---|
| Robert W. Bishop<br>BISHOP & ASSOCIATES, PSC<br>6520 Glenridge Park Place,<br>Suite 6<br>Louisville, KY  40222<br>COUNSEL FOR PLAINTIFF | Michael A. Augustus<br>MICHAEL A. AUGUSTUS, PSC<br>600 West Main Street<br>Suite 500<br>Louisville, KY  40202<br>COUNSEL FOR PLAINTIFF |

        s/*Amber D. Nicely*
        Amber D. Nicely