UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHELLE MILLER and
DONALD LEE MILLER, II                                                           PLAINTIFFS

v.                                                         CIVIL ACTION NO. 3:11-cv-315-CRS

REMINGER CO., L.P.A. and
SHEA CONLEY                                                                      DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the plaintiffs, Michelle Miller ("Michelle") and Donald Lee Miller, II ("Donald" and collectively, "Plaintiffs"), to remand this action to Jefferson County Circuit Court (DN 8), and to stay proceedings (DN 9). Defendants, Reminger Co., L.P.A. ("Reminger") and Shea Conley ("Conley" and collectively, "Defendants") removed this action (DN 1) and filed a motion to dismiss (DN 5). For the reasons set forth below, Plaintiffs' motion to remand will be denied, rendering Plaintiffs' motion to stay moot.

Reminger is an Ohio corporation. Conley and Plaintiffs are all Kentucky citizens, which destroys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). However, Defendants argue Conley was fraudulently joined, and removal was proper under 28 U.S.C. § 1441. Fraudulent joinder exists where there is no colorable basis for a claim against the non-diverse defendant. *Salisbury v. Purdue Pharma, LP*, 166 F.Supp2d 546, 548 (E.D. Ky. 2001) (citing *Jerome Duncan, Inc. v. Auto-By-Tel*, 176 F.3d 904 (6th Cir. 1999)). The burden of proof is on Defendants to show that Plaintiffs cannot

establish a cause of action against the non-diverse defendants under state law. *Burns v. Wyeth, Inc.*, 352 F.Supp.2d 773, 774 (E.D. Ky. 2004).

The standard for ruling on a motion to remand where fraudulent joinder is alleged involves determining "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Walker v. Philip Morris USA, Inc.*, 443 Fed.Appx. 946, 951, 2011 WL 5119441 at *4 (6th Cir. Oct. 31, 2011) (quoting *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "Any disputed questions [of] fact and ambiguities in the controlling state law should be resolved in favor of the nonremoving party." *Id*. Plaintiffs assert three causes of action against Conley: (1) breach of fiduciary duty; (2) fraud; and (3) intentional infliction of emotional distress. Because we find that there is no likelihood of success on these claims, the motion to remand will be denied.

Plaintiffs' first claim against Conley for breach of a fiduciary duty fails because no fiduciary relationship existed between the parties. A plaintiff must establish a fiduciary relationship to state a claim for breach of a fiduciary duty. *Abney v. Amgen, Inc.*, 2005 WL 1630154 at *9 (E.D. Ky. July 8, 2005). The general definition for a fiduciary relationship under Kentucky law is that a fiduciary relationship "is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 485 (Ky. 1991).

We do not find that a fiduciary relationship existed between Donald and Conley, because they were both employees of a corporation and not business partners, as Plaintiffs argue. The Employment Agreement between Donald and Reminger declares Donald an employee:

>THIS AGREEMENT [is] made this 9th day of March, 2009, between Reminger Co., L.P.A., an Ohio professional corporation, ("Employer"), and DONALD L. MILLER, II, ("Employee"). ...
>
>Employee desires to accept employment to practice law as a corporate employee of Employer.
>
>Reminger Co., L.P.A. desires to employ the Employee for such compensation and other benefits as are hereinafter set forth, and Employee is willing to accept employment on such terms.

(DN 13, Exhibit 2, Employment Agreement). The parties' "Supplemental Employment Agreement For Senior Attorneys Not Licensed in Ohio" explains that Donald "is not licensed to practice law in the State of Ohio, and is therefore not eligible to hold stock in Reminger." (DN 13, Exhibit 3). Also, the Employment Agreement specifically provides, "This employment contract may be terminated by either Employer or Employee without cause or fault of Employer or Employee, upon giving thirty (30) days' written notice to the other party." (DN 13, Exhibit 2, Employment Agreement). Reviewing the Employment Agreement, we find that it explicitly contemplates an employment at will relationship. It is undisputed that Conley is also not licensed to practice law in Ohio and there is no contention that Conley has any ownership interest in Reminger. Therefore, as an at will employee, Donald's claim for breach of fiduciary duty against another employee, Conley, fails as a matter of law. *See Gresh v. Waste Services of America, Inc.*, 311 Fed. Appx. 766, 771, 2009 WL 383727 (6th Cir. Feb. 17, 2009).

Plaintiffs argue that the court should look past the parties' agreements and find that Conley owed Donald a fiduciary duty despite his status as a fellow employee in Reminger's employment contract. (DN 8, Exhibit 1, Plaintiffs' Memorandum in Support of Their Motion to Remand, p. 6). Plaintiffs assert that we should consider Reminger web pages and press releases, naming Donald a "partner" and find that Conley and Donald acted as partners. (DN 8, Exhibit 1). Plaintiffs argue that

"because the circumstances which may create a fiduciary relationship are so varied, it is extremely difficult, if not impossible to formulate a comprehensive definition of it that would fully and adequately embrace all cases." (DN 15, p.2) (quoting *Steelvest, Inc*., 807 S.W.2d at 485).

However, in *Gresh v. Waste Services of America, Inc*., the United States Court of Appeals for the Sixth Circuit, applying Kentucky law and faced with a similar argument, held that an at will employee could not ground his breach of fiduciary duty claim on his status as an at will employee. 311 Fed. Appx. at 771. In *Gresh*, the plaintiff argued that despite a written employment agreement that explicitly stated he was an at will employee, he and the defendants were "essentially partners, or co-owners" and thus he was owed a fiduciary duty. *Id*. at 771. In *Gresh*, the plaintiff attempted to use evidence outside of the agreement to convince the Court of an oral agreement between himself and the defendants to act as partners. *Id*. The Court rejected the plaintiff's argument and held that the plaintiff's "efforts to elevate the relationship to a de facto partnership" was in direct conflict with the agreed-upon terms in the parties' written agreement. *Id*. The Court held that under the agreement, the plaintiff was an at will employee in an "ordinary business relationship" and thus the defendants did not owe the plaintiff a fiduciary duty, dismissing the claim for breach of fiduciary duty as a matter of law. *Id*. at 772.

Similarly, in this case, Plaintiffs argues that the Court should look beyond the parties' employment agreement and find that Donald and Conley were business partners. However, the agreement between the parties is explicit that Donald was an at will employee and precludes Donald from having "partnership" status within the company. It is undisputed that Donald and Conley did not own any interest in the company. Reminger was established in Ohio as a professional association. Under Ohio law, a professional association can be organized only by "[a]n individual

or group of individuals each of whom is licensed to render within this state the same kind of professional service..." ORC § 1785.02.  Neither Conley nor Donald were licensed to practice law in Ohio and were thus not qualified to be shareholders in the company, as mandated by Ohio law, and as provided in Reminger's employment agreements.  Further, such a professional association in Ohio is a corporation, not a partnership.  *O'Neil v. United States*, 410 F.2d 888, 888 (6th Cir. 1969).  Therefore, Conley and Donald were not partners, but employees.  Similar to the United States Court of Appeals for the Sixth Circuit's ruling in *Gresh*, we reject Plaintiffs' argument that we should consider press releases by Reminger calling Donald a "partner."  Reminger's employment agreement was specific that Donald was an at will employee within the company.  Thus, Plaintiffs' claim for breach of fiduciary duty against Conley is not colorable, because no fiduciary relationship existed.

   Plaintiffs' claim for fraud against Conley also fails as a matter of law.  To state a viable claim of fraud, a plaintiff must plead six elements: (1) a material misrepresentation; (2) which is false; (3) known to be false or made recklessly; (4) made with inducement to be acted upon; (5) acted in reliance thereon; and (6) causing injury.  *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).  Pursuant to Fed.R.Civ.P. 9(b), allegations of fraud must be pled with particularity.  *Scott v. Farmers State Bank*, 410 S.W.2d 717, 722 (Ky. 1966).  While it is not necessary to "recite each minute detail," a plaintiff is required to plead "the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud."  *Id*.; *U.S. ex rel. Bledsoe v. Cmty. Health Systems, Inc*., 342 F.3d 634, 643 (6th Cir. 2003) ("In complying with Rule 9(b), a plaintiff, at a minimum, must allege the time, place, and content of the

alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.").

The allegations here do not meet the level of particularity required by Fed.R.Civ.P. 9(b). Plaintiffs' Amended Complaint states that Donald spoke with Conley before he agreed to take a position with Reminger, but Plaintiffs do not allege that Conley made any specific fraudulent statements to Donald, as is required to establish a claim of fraud. *See In re Sallee*, 286 F.3d 878, 905 (6th Cir. 2002). The only apparent basis for Donald's fraud claim against Conley is the allegation that Donald "agreed to a reduced salary that the partners of Reminger assured him would be made up by performance-based bonuses if his business generation was commensurate with his past history." (DN 1, Exhibit 2, Amended Complaint ¶ 10). However, Plaintiffs do not indicate what was specifically promised to Donald and which "partners of Reminger" made such promises. Without allegations regarding the time, place, and content of any alleged fraudulent misrepresentations made specifically by Conley, Plaintiffs are not likely to succeed on the merits of their claim of fraud against Conley. Thus, we find that because Plaintiffs' claim of fraud lacks the requisite particularity in pleading, it cannot support a motion to remand. *See Burns v. Wyeth, Inc.*, 352 F.Supp.2d 773, 777 (E.D. Ky. 2004) (holding that because the plaintiff failed to plead his allegations of fraud against the non-diverse defendant with the requisite particularity, the plaintiff had not stated a colorable claim against that defendant, making removal proper).

Plaintiffs' last asserted claim against Conley is for intentional infliction of emotional distress. We find that this claim is also not likely to succeed. In order to establish a claim of intentional infliction of emotional distress under Kentucky law, a Plaintiff must prove that: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was so outrageous and intolerable as to offend

generally accepted standards of morality and decency; (3) there is a causal connection between the conduct and the emotional distress; and (4) the emotional distress has been severe. *Ford v. General Motors Corp.*, 305 F.3d 545, 555 (6th Cir. 2002) (citing *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 67 (Ky. 1996)). "The Kentucky Supreme Court has stressed 'that major outrage is essential to the tort.'" *Brown v. Lexington-Fayette Urban Cnty. Gov't. Dep't. of Public Works*, 2010 WL 1529410 at *5 (E.D. Ky. 2010) (quoting *Stringer v. Wal-Mart Stores, Inc*., 151 S.W.3d 781, 791-92 (Ky. 2004)).

We find that Plaintiffs' allegations do not reach the level of outrage required for an intentional infliction of emotional distress claim under Kentucky law. The only allegation specifically against Conley is that he sent Donald a text message stating, "Don, my friend, please consider admitting yourself for help. I will support you every way I can." (DN 1, Exhibit 2, Plaintiffs' Amended Complaint at ¶ 16). Plaintiffs argue that this constitutes outrageous conduct because of the context of the message. (DN 8, Exhibit 1, Plaintiffs' Memorandum in Support of Their Motion to Remand, at p. 11). The Plaintiffs cite to their Amended Complaint, paragraph 16, which states:

> After it became clear that Reminger had been planning to improperly terminate Mr. Miller because of his opposition to their billing practices, as well as in an attempt, among other things, to retain some or all of his practice, Mr. Miller received a text message from Mr. Conley on November 18, 2010 at 3:37PM ... This was a continuation of the attempt to remove Mr. Miller from competition and inform clients of Mr. Miller's fabricated inabilities, the same tactic used by the group with whom Mr. Miller left [Frost Brown Todd, LLC], and which tactic was known to Mr. Conley.

(DN 1, Exhibit 2, Plaintiffs' Amended Complaint at ¶ 16). Plaintiffs argue that Conley's actions in sending this text message involved "sheer, unadulterated and Machiavellian ruthlessness" and that

"[u]nder the specific facts of this case, Conley's actions were indeed outrageous." (DN 15, Plaintiffs' Reply in Support of Motion to Remand).

However, we find that these allegations do not rise to the level of outrage required by Kentucky courts. As stated by the Kentucky Supreme Court, major outrage is crucial to support such a claim, and "the mere fact that the actor knows that the other will regard the conduct as insulting or will have his feelings hurt, is not enough." *Stringer*, 151 S.W.3d at 791-92. Plaintiffs argue that outrageous behavior "may arise from the actor's knowledge that the other is particularly susceptible to emotional distress, by reason of some physical or mental condition or particularity," citing *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 67 (Ky. 1996).

However, the facts of *Kroger* were extreme and distinguishable from the case at hand. *Kroger* involved an employer's "calculated attempt to coerce [the plaintiff] to sign release papers exonerating Kroger for its wrongful discharge of [the plaintiff]." *Id*. at 66. The defendant repeatedly misrepresented to the plaintiff that he would be eligible for another position, knowing that the position was unavailable. *Id*. After the plaintiff suffered a mental breakdown, the defendant put pressure on his wife for him to sign release papers immediately. *Id*. When the plaintiff's psychotherapist recommended that he be placed on total disability, the defendant contacted the disability insurance company's representatives and attempted to stop or delay payments to which the plaintiff was entitled. *Id*. The plaintiff suffered further anguish and was engaged in a non-suicide pact by the disability insurance company's own examining physician. *Id*. Even after the disability insurance company began making payments to the plaintiff, the defendant then demanded that the carrier conduct surveillance of the plaintiff, sending a photograph and description of the plaintiff to assist the carrier. *Id*. Throughout, the defendant continued to put pressure on the

plaintiff to sign release papers. *Id*. The Court held under these facts that a claim for intentional infliction of emotional distress was proper. *Id*.

The allegations in the case at hand involve a single text message sent by Conley that was allegedly part of a larger scheme to oust Donald from the firm and any competition. Even considering that Conley may have had knowledge of a previous employer's methods to force out Donald and his reaction (which are not explained in Plaintiffs' Amended Complaint or pleadings), we do not find these allegations reach the same level of outrage as those described in *Kroger*. Further, other Kentucky cases that did not find claims for intentional infliction of emotional distress were warranted convince the Court that the present allegations are not sufficient. As described in a case in the Eastern District of Kentucky,

> IIED in Kentucky is a very high standard to satisfy. For example, Kentucky courts declined to find that a nurse [who] told a patient who had just delivered a stillborn baby to "shut up," or a citizen who erected a billboard in his yard declaring that his neighbor was a child molester, acted outrageously, intolerably, or "beyond all decency."

*Brown*, 2010 WL 1529410 at * 5 (citing Humana of Kentucky, Inc. v. Seitz, 796 S.W.2d 1, 3 (Ky. 1990). Therefore, we hold that no colorable claim exists against Conley for intentional infliction of emotional distress.

We find that all of Plaintiffs' claims against Conley do not have any likelihood of success and that Plaintiffs have no colorable claims against Conley. Thus, we find Conley was fraudulently joined and removal was proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. Plaintiffs' Motion to Remand will be denied.

Last, Plaintiffs' Motion to Stay is also before the Court. Defendants filed a Motion to Dismiss on June 3, 2011. Plaintiffs' Response to the Motion to Dismiss was due June 27, 2011.

Plaintiffs filed their Motion to Stay on June 17, 2011, requesting proceedings on the Motion to Dismiss be held in abeyance until the Court ruled on Plaintiffs' Motion to Remand. Plaintiffs' Motion to Stay is now rendered moot by our ruling on Plaintiffs' Motion to Remand. Pursuant to the order entered this date, the normal time for filing of responses and replies will apply upon entry of the Court's order. At the time briefing is concluded on Defendants' motion to dismiss, the Court will take it under submission.

  An order consistent with this opinion will be entered this date.

February 17, 2012

Charles R. Simpson III, Judge
United States District Court