UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **MICHELLE MILLER, ET AL.** ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No. 3:11-CV-00315-CRS |
| v. ) | |
| ) | |
| **REMINGER CO., L.P.A., ET AL.** ) | |
| ) | |
| *Defendants* ) | |

************

### PLAINTIFFS' SETTLEMENT CONFERENCE STATEMENT

In response to the Court's order of August 29, 2012, scheduling this matter for a Conference Settlement before the Honorable Magistrate Judge James Moyer, the Plaintiffs Michelle Miller ("Mrs. Miller") and Don Miller ("Mr. Miller"), (collectively "the Plaintiffs"), by and through counsel, submit their Plaintiffs' Settlement Conference Statement.

**1.    Statement of the Remaining Claims**

The Plaintiffs have three remaining claims against the Defendant Reminger.  Mr. Miller has a claim against Reminger for public policy wrongful discharge.  In October of 2010, Mr. Miller was approached by a long-term client who had become concerned about Reminger's billing practices. Mr. Miller investigated the matter and discovered that time spent working by paralegals and entered into the system with the initials of paralegals had been changed by Reminger to read as time worked by attorneys at the firm, which charged the client a substantially higher rate. Mr. Miller protested this practice and directed the Reminger billing

staff to accurately reflect the hourly rate level of the person actually performing the task when billing his clients. This practice is in violation of KRS § 514.00, Theft by Deception. Mr. Miller was terminated because of his protests against and refusal to engage in this practice. Mr. Miller will bring evidence of this illegal practice to the settlement conference.

Mrs. Miller has claims against Reminger for an assault and battery on her by Mario Ciano ("Mr. Ciano"), a founding attorney at Reminger, during a firm retreat. At a final dance for the retreat, Mr. Ciano insisted that Mrs. Miller dance, grabbed her arm to pull her onto the dance floor, and ordered her to "get your fat ass out there and dance." This act was done with the intention to so anger Mr. Miller that he would react in a way that would provide an excuse and cover for firing him.

**2. Governing Legal Principles**

　　*a. Public Policy Wrongful Discharge*

The Court aptly described the governing legal principles in its June 6th Order: "In *Grzyb v. Evans*, the Supreme Court of Kentucky further explained the common law tort of wrongful discharge by stating that 'only two situations exist where grounds for discharging an employee are so contrary to public policy as to be actionable absent explicit legislative statements prohibiting the discharge.' 700 S.W.2d at 402 (internal quotations omitted). Those situations are:

> 1) Where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment.
> 2) When the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment.

*Hill*, 327 S.W.3d at 422 (citing *Grzyb*, 700 S.W.2d at 402)." Memorandum Opinion at 9-10.

　　*b. Assault and Battery*

The Court also described in the Memorandum Opinion the relevant legal principle of Reminger's liability for the assault and battery by Mr. Ciano on Mrs. Miller: "Plaintiffs argue that Reminger is liable for the intentional torts committed by its employee, because he was acting with a motivation of furthering the interests of Reminger. In their complaint, Plaintiffs allege that it was the goal of [Mario] Ciano to assault and batter Michelle in front of Donald, in order to provoke him into taking actions that could serve as grounds for his termination from Reminger. Plaintiffs allege that Donald and Michelle were required to attend this retreat and that it was the scheme of Reminger to obtain grounds for the termination of Donald throughout the weekend, in order to oust him from the firm and retain his clients." Memorandum Opinion at 5-6. (citations omitted).

**3.  Damages**

  *a. Compensatory Damages*

Mr. Miller suffered damages of approximately $5,000 in costs associated with maintaining his practice after his termination by Reminger.   Furthermore, there were bonuses and incentives that would have been paid to Mr. Miller, had he not been illegally terminated. There is an unpaid performance bonus of approximately $25,000, and an unpaid production bonus of $100,000, which is believed to be proportionate to what other attorneys were paid at Reminger.  Accordingly, Mr. Miller's compensatory damages are in the neighborhood of $130,000.

  *b. Mental Anguish/Embarrassment and Humiliation Reputation Damages*

The Plaintiffs have suffered significant other damages as a result of their treatment at the hands of Reminger.  The Plaintiffs are entitled to damages for embarrassment and humiliation

and damage to Mr. Miller's professional reputation. The Plaintiffs have estimated this number to be ten times the value of their compensatory damages.

    *c. Punitive Damages*

The Plaintiffs have also requested that punitive damages be awarded to discourage Reminger from repeating its extreme misconduct. The Plaintiffs have estimated punitive damages at three times the amount of compensatory damages.

    Respectfully Submitted,

/s/ Robert W. "Joe" Bishop
Bishop & Associates, P.S.C.
6520 Glenridge Park Place, Suite 6
Louisville, KY 40222
502-425-2600
firm@bishoplegal.net
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the court's electronic filing system on September 11, 2012 to counsel of record for Defendants, Matthew W. Breetz, Andrew G. Beshear, and Amber D. Nicely, Stites and Harbison, PLLC, 400 W. Market St., Suite 1800, Louisville, Kentucky, 40202-3352.

    /s/ Robert W. "Joe" Bishop
    *Counsel for Plaintiffs*